Swan SEABERG and Virginia Seaberg, his wife, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 71–1199.

United States Court of Appeals, Ninth Circuit.

Aug. 26, 1971.

---

Guttormsen, Scholfield & Stafford, Seattle, Wash., for plaintiffs-appellants.

L. Patrick Gray III, Asst. Atty. Gen., Stan Pitkin, U. S. Atty., Seattle, Wash., Morton Hollander, Robert M. Feinson, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before CARTER, KILKENNY and CHOY, Circuit Judges.

PER CURIAM:

This is an appeal by the Seabergs from an adverse judgment in an action under the Tort Claims Act, 28 U.S.C. § 2671 et seq., tried to the court without a jury. The Seabergs claimed damages for Mrs. Seaberg's injuries and for the damage to their car. A judgment was entered dismissing the Seabergs' action and awarding the United States a money judgment for the damage to its ambulance.

The case raises three questions, (1) whether a state statute or a city ordinance, covering ambulances, should be applied; (2) whether the ambulance driver was otherwise negligent as a matter of law; and (3) whether the court erred in finding Mrs. Seaberg negligent and awarding the Government a judgment on its counter claim.

The facts are not in dispute. Mrs. Seaberg was traveling north on 12 Avenue N.E. in the City of Seattle. The windows in her car were up and her car radio was on. She entered the intersection of N.E. 65th Street on a green traffic light and, an instant before the collision, looked to the left, saw the ambulance, and, for the first time, "heard a low growling sound like a siren." The ambulance driver testified that he was traveling east on N.E. 65th, slowed to 5 or 10 miles per hour and, after seeing no approaching traffic, began to accelerate through the red light. The ambulance reached the middle of the intersection where it was hit broadside on the right front door by Mrs. Seaberg's vehicle.

I.

The Seabergs first contend that the trial court erred in not finding the ambulance driver negligent per se be-

cause he failed to stop at the red light. Their argument is premised on the violation of an ordinance of the City of Seattle (§ 21.08.060) which, while exempting emergency vehicles from most city traffic regulation, provides that they "shall not proceed through stop signs or red traffic signal lights without first making a full stop and permitting traffic to clear the intersection." The Government contends, and the district court held, however, that this ordinance was "in conflict with" a provision of the State Vehicle Code which grants drivers of emergency vehicles a "privilege" to "proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation." Wash.Rev.Code § 46.61.035(1) and (2) (b).

Although there are no decisions directly in point, the Washington Supreme Court has stated the general rule that a city ordinance is in "conflict" with a state statute "if it forbids that which the statute permits." City of Bellingham v. Schampera, 57 Wash.2d 106, 356 P.2d 292, 296 (1960) (en banc). Here the state statute grants emergency vehicles a "privilege" to pass through red or stop signals after slowing down. The city ordinance, which effectively takes away this privilege by requiring a full stop, is clearly in conflict with the statute under the above test. The district court, therefore, did not err in refusing to find the ambulance driver negligent per se.

## II.

 The Seabergs next contend that the ambulance driver was negligent in not seeing her prior to entering the intersection. However, under Washington law an ambulance driver need only have his siren on and give other users of the highway an opportunity to yield. He is under no obligation to keep a lookout as he is entitled to assume that other users of the highway will yield the right of way. Lakoduk v. Cruger, 48 Wash.2d 642, 296 P.2d 690, 703 (1956); State of Washington v. United States, (9 Cir. 1952) 194 F.2d 38.

## III.

Finally, the Seabergs contend that the court erred in finding Mrs. Seaberg negligent, and on that finding, awarding the United States a judgment on its counter claim. From our review of the record we are satisfied that this finding was not clearly erroneous.

Affirmed.